IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

|  |  |  |
|---|---|---|
| JAY BLACKMON and KENDEL BLACKMON, Individually and as Next Friends of TODD CHRISTOPHER BLACKMON, et al., | § § § § § § | |
| Plaintiffs, | § § | |
| v. | § | CIVIL ACTION NO. G-02-179 |
| AMERICAN HOME PRODUCTS CORPORATION, et al., | § § § § | |
| Defendants. | § § § | |

**ORDER DENYING PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL**

This case arises out of the allegation that certain vaccines caused the minor Plaintiffs to develop autism. Now before the Court comes the Motion for Voluntary Dismissal by Plaintiffs Tim Scott and Sharon Scott, individually and as next friends of their minor son Colby Scott (collectively, "Scott Plaintiffs"). For the reasons stated below, the Scott Plaintiffs' Motion is **DENIED**.

**I. Background**

The Court has recited the substantive facts of this case on numerous occasions. It is only necessary to describe briefly the procedural history. The Scott Plaintiffs and others filed this case in state court on February 8, 2002, and it was removed to this Court on March 15, 2002. This Court has ruled on five major dispositive motions and countless minor motions and held numerous conferences. The Court has dismissed with prejudice the claims of all but the Scott Plaintiffs, and the Court has already dismissed with prejudice many of the Scott Plaintiffs' claims.

The Scott Plaintiffs now move for dismissal without prejudice pursuant to Fed. R. Civ. P.

41(a)(2). They contend that this would not cause significant prejudice to the Defendants because Defendants can use their work on this case in other thimerosal-related litigation. The Scott Plaintiffs seek dismissal because they have found that they cannot prove specific causation.

## II. Legal Standard

Fed. R. Civ. P. 41(a)(2) states that "an action shall not be dismissed at the plaintiff's instance save upon order of the court and on such terms and conditions as the court deems proper." A plaintiff's motion for dismissal without prejudice should be granted if doing so would not prejudice the defendant. The mere threat of a second lawsuit does not justify denying such a motion. *See Davis v. Huskipower Outdoor Equip. Co.*, 936 F.2d 193, 199 (5th Cir. 1991). However, if a plaintiff waits until the defendant has put "significant time and effort" into the litigation, a court can properly deny plaintiff's motion. *Id*. Factors for consideration include the time between filing and moving for dismissal, whether the parties filed pleadings and attended conferences, whether the court has ruled on dispositive motions, and whether plaintiffs appear to be trying to circumvent an adverse ruling. *See id*; *see also Hartford Accident & Indem. Co. v. Costa Lines Cargo Servs., Inc.*, 903 F.2d 352, 361 (5th Cir. 1990); *Radiant Tech. Corp. v. Electrovert USA Corp.*, 122 F.R.D. 201, 203-204 (N.D. Tex. 1988).

## III. Analysis

The Scott Plaintiffs state in their Motion: "Plaintiffs have given an inadequate explanation for the need to take this dismissal." The Court agrees. The Scott Plaintiffs filed this suit over three years ago. As noted above, the Parties have attended numerous conferences, filed pleadings and amended pleadings, and submitted dispositive motions for the Court's consideration. This constitutes "significant time and effort" on the part of Defendants. The Scott Plaintiffs argue that most of the work in this case will be useful to Defendants in other thimerosal-related litigation, and therefore dismissal

without prejudice will not hurt Defendants. They contend that very little case-specific discovery has taken place. However, the Court has examined many case-specific records, such as the vaccine records of the various Plaintiffs. Defendants also contradict the Scott Plaintiffs, arguing that they have engaged in significant case-specific discovery and other work.

The fact that the Court's rulings on the Scott Plaintiffs' dispositive motions have generally been adverse as well as their admission that they cannot prove specific causation leads the Court to believe that the Scott Plaintiffs are attempting to use Rule 41 to avoid an adverse judgment. Defendants have also filed a Motion for Summary Judgment on the remaining claims. Allowing the Scott Plaintiffs to abandon their suit now would deprive Defendants of the immediate opportunity to receive an adjudication on the merits. Forcing Defendants to proceed through pleading, discovery, and all the other stages of the trial process a second time only to arrive at the same point would be severely prejudicial to Defendants. Therefore, the Court declines to allow the Scott Plaintiffs to dismiss their claims without prejudice.

**IV. Conclusion**

For the above-stated reasons, the Scott Plaintiffs' Motion for Voluntary Dismissal is hereby **DENIED**.

**IT IS SO ORDERED.**

DONE this 23rd day of May, 2005, at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge