IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JAY BLACKMON and KENDEL BLACKMON, Individually and as Next Friends of TODD CHRISTOPHER BLACKMON, et al., | § § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. G-02-179 |
| AMERICAN HOME PRODUCTS CORPORATION, et al., | § § § § | |
| Defendants. | § § | |

**ORDER STRIKING PLAINTIFFS' RESPONSE AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

This case arises out of the allegation that certain vaccines caused the minor Plaintiffs to develop autism. Now before the Court comes the Motion for Summary Judgment by the remaining Defendants. For the reasons stated below, Defendants' Motion is **GRANTED**, and Plaintiffs' Response is **STRICKEN**.

**I. Background**

The Court has recited the substantive facts of this case on numerous occasions and will not repeat them here. On April 25, 2005, the remaining Plaintiffs moved for dismissal without prejudice because they admitted that they could not prove specific causation. The Court denied that Motion on May 23, 2005. Defendants have moved for summary judgment on all remaining claims because of Plaintiffs' admission that they cannot prove specific causation.

**II. Plaintiffs' Response**

According to L.R. 7.4, responses to motions must be filed by the submission day, which is twenty days from the filing of the opposed motion. *See* L.R. 7.3. Because Defendants' Motion was filed on May 11, 2005, Plaintiffs had until May 31, 2005 to file a response. Despite not requesting an extension (something the Court often and routinely grants), Plaintiffs filed their extraordinarily voluminous Response to Defendants' Motion for Summary Judgment on June 3, 2005, three days after the deadline. The Court must apply the rules strictly and equally to all parties, especially in important and rapidly emerging litigation such as this. Therefore, the Court **STRIKES** Plaintiffs' Response to Defendants' Motion for Summary Judgment. The Court additionally notes that Plaintiffs' Response appears merely to duplicate arguments on which this Court has already extensively ruled and essentially to constitute a Motion for Reconsideration of the Court's Order Denying Plaintiff's Motion for Dismissal Without Prejudice. In addition to being largely non-responsive to the Motion at hand, Plaintiffs' Response is incomprehensibly long, which puts an enormous burden on the staff of the Court and the Clerk's office. (The submission is over 7" tall!)

**II. Legal Standard**

Although failure to respond to a motion is normally considered "a representation of no opposition," when the motion is for summary judgment, the Court must still consider the motion on its merits. L.R. 7.4; *see, e.g., Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159-60, 90 S. Ct. 1598, 1609-10, 26 L. Ed. 2d 142 (1970); *Dawkins v. Green*, 412 F.2d 644, 646 (5th Cir. 1969). Summary judgment is appropriate only if no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552-53, 91 L. Ed. 2d 265 (1986). Once the moving party has shown that there are no issues of material fact, the nonmoving party must "go beyond the pleadings"

to show that a genuine issue exists. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). "We do not, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *Id.* The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

Nevertheless, if the evidence is such that a reasonable fact-finder could find in favor of the nonmoving party, summary judgment should not be granted. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). Determining credibility, weighing evidence, and drawing reasonable inferences are left to the trier of fact. *See Anderson*, 477 U.S. at 255, 106 S. Ct. at 2513.

**III. Analysis**

Causation is an essential element of a product liability case, regardless of whether the plaintiff proceeds on a theory of strict liability, negligence, or breach of warranty. *See Mission Petroleum Carriers, Inc. v. Solomon,* 106 S.W.3d 705, 710 (Tex. 2003); *Hyundai Motor Co. v. Rodriguez ex rel. Rodriguez*, 995 S.W.2d 661, 667 (Tex. 1999); *Houston Lighting & Power Co. v. Reynolds*, 765 S.W.2d 784, 785 (Tex. 1988); *see also Syrie v. Knoll Int'l*, 748 F.2d 304 (5th Cir. 1984). Plaintiffs stated in their Motion to Dismiss that they cannot prove specific causation. The Court has thoroughly examined the record in this case on many occasions and has previously found that Plaintiffs did not show a genuine issue of material fact as to whether thimerosal in vaccines caused Minor Plaintiffs' autism. *See Blackmon v. Am. Home Prods. Corp.*, 346 F. Supp. 2d 918-19 (S.D. Tex. 2004). There is no case more appropriate for summary judgment than one in which the plaintiffs admit that they cannot prove an essential element of their case and the remainder of the

record supports that admission.

While Plaintiffs may wish the Court to delay consideration of this Motion or allow them to pursue this litigation again later when they may have evidence of causation, the Court is not bound to do so, nor would such a postponement do justice for Defendants.[1] Plaintiffs chose to bring this action at this time and in this fashion, knowing full well the state of the evidence on causation. Plaintiffs also chose not to ask for a dismissal without prejudice in the early stages of litigation. Having done so, Plaintiffs committed themselves to a course of action that would inevitably result in a decision on the merits. After three years, Plaintiffs may not merely rely on their own conjectures about the facts or on hopes of what future discovery or scientific research might add to their case. *See Netto v. Amtrak,* 863 F.2d 1210, 1216 (5th Cir. 1989); *United States v. Potamkin Cadillac Corp.*, 689 F.2d 379, 381 (2d Cir. 1982); *Contemporary Mission, Inc. v. United States Postal Serv.*, 648 F.2d 97, 107 (2d Cir. 1981). The Court cannot deny Defendants' Motion on the basis of the record Plaintiffs might produce at some time in the future. *See Madeirense do Brasil S/A v. Stulman-Emrick Lumber Co.*, 147 F.2d 399, 405 (2d Cir. 1945). Plaintiffs have had ample time and notice to produce evidence of causation, but they have admitted that they cannot do so at this time. Because there is no genuine issue of material fact on an essential element of Plaintiffs' case, Defendants' Motion for Summary Judgment is hereby **GRANTED**.

## IV. Conclusion

For the above-stated reasons, Plaintiffs' Response is **STRICKEN**, and Defendants' Motion for Summary Judgment is **GRANTED**. Plaintiffs' claims against Defendants are **DISMISSED**

---

[1] Notably, Plaintiffs did not respond to Defendants' Motion with a request for a continuance under Fed. R. Civ. P. 56(f). *See Robbins v. Amoco Prod. Co.*, 952 F.2d 901, 907 (5th Cir. 1992).

**WITH PREJUDICE**. Each Party is to bear its own taxable costs, expenses, and attorney's fees incurred herein to date. A Final Judgment addressing these and all other claims will be entered contemporaneously with this Order.

**IT IS SO ORDERED.**

DONE this 8th day of June, 2005, at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge